IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KATHLEEN GRIZZLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number CIV-10-388-C |
| | ) | |
| GENERAL GROWTH PROPERTIES, | ) | |
| INC., a Delaware corporation; GENERAL | ) | |
| GROWTH MANAGEMENT, INC.; a | ) | |
| Delaware corporation; and VALOR | ) | |
| SECURITY SERVICES, INC., a | ) | |
| Georgia corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On February 12, 2010, Plaintiff was shopping in Quail Springs Mall in Oklahoma

City. As she was walking to her car in the parking area, she was attacked by a third party

who forced his way into her car. Plaintiff was assaulted, kidnaped, and robbed. Seeking to

recover compensation for her injuries, Plaintiff filed the present action against General

Growth Properties, Inc. ("GGP"), General Growth Management, Inc. ("GGM"), and Valor

Security Services, Inc. ("Valor"). The parties have proceeded through discovery and are

approaching trial, which is currently set for October 2011. Within the deadlines set by the

Court's scheduling order, Defendants GGP and GGM filed a Motion for Summary Judgment,

arguing that Plaintiff could not recover from them because they did not own or control the

property where Plaintiff was assaulted. Asserting that GGM and GGP's claim of lack of

ownership was contrary to previous representations made in discovery, and admissions in

their Answer, Plaintiff filed the present motion. In her motion, Plaintiff seeks to strike the

Motion for Summary Judgment or in the alternative reopen discovery for an additional time period. In support of her motion, Plaintiff argues that from the time of their Answer through the close of discovery, Defendants GGM or GGP never denied ownership or suggested that anyone else owned the property where she was attacked. In a response, Defendants argue that they only recently learned from Plaintiff where exactly she indicated she had been attacked, and as a result of that information determined that they did not own that part of the property. Defendants argue that Plaintiff had an obligation to check publicly filed records which would have demonstrated they did not own the property in question.

Paragraph 8 of Plaintiff's Complaint stated: "At all pertinent times, defendant General Growth Properties, Inc., owned, operated, managed and/or controlled Quail Springs Mall located at 2501 W. Memorial Road, in Oklahoma City, Oklahoma, (hereafter sometimes referred to as 'the Mall'), within the Western District of Oklahoma." Paragraph 9 stated: "At all pertinent times, defendant General Growth Management, Inc., managed and operated Quail Springs Mall." On page 2 of Defendants' Answer, Defendants admitted these allegations. On August 6, 2010, Defendant GGM provided answers to Plaintiff's Requests for Admissions. Request for Admission No. 13 stated: "Admit that on February 12, 2010, General Growth Management, Inc., managed Quail Springs Mall." Defendant GGM admitted that Request for Admission. In Request for Admission No. 15, Plaintiff asked "Admit that from January 1, 2005, through the present, General Growth Management, Inc., managed and/or operated Quail Springs Mall." Defendant GGM admitted that request. Plaintiff has also attached multiple other documents which exist in public records wherein

GGM or GGP asserts ownership, management, or control, of the property known as Quail Springs Mall.

In stark contrast to their prior admissions, Defendants now have offered an affidavit from Katherine Donnelly and a warranty deed in support of their Motion for Summary Judgment. These documents purport to demonstrate that the area where Plaintiff was attacked was not owned or operated by GGM or GGP but by a non-party. In accord with the dates set in the Court's scheduling order, Defendants filed their final lists of witnesses and exhibits on July 25, 2011. The exhibit list does not include the warranty deed relied on in support of Defendants' Motion for Summary Judgment. The witness list does not include Ms. Donnelly as a witness to be called at trial.

Defendants argue that Plaintiff ignores GGP's discovery responses where it stated it did not own, manage, or control the property and argue that it was not until the deposition of the Plaintiff on July 27, 2011, that it was aware of the exact location where the assault occurred and therefore it was not until that time that it could have properly determined who owned the property.

In response to Plaintiff's Interrogatory No. 7, which requested GGP to describe its relationship with GGM, GGP stated that it owned 98% of GGM, with the other 2% being owned by other entities. With that knowledge, coupled with GGM's admission that it owned and managed and operated the Mall, Defendant's argument that its denial of ownership put Plaintiff on constructive notice of a duty to go search property records to determine the ownership is patently frivolous. Defendants' claim that they only recently learned of the

location of the incident and so could only have recently determined it was outside the property also fails.  On the day of the incident, the security officers interviewed Plaintiff and prepared an incident report on a document entitled "General Growth Properties Standard Incident Report."  (Pls' Reply, Exh. 7.)  The area where the incident occurred is identified on that report multiple times.  Moreover, it is clear from the report that employees of the security company employed by Defendants were the authors of the report.  If Defendants had any question as to their responsibilities or ownership of the area where the assault occurred, the time to explore that issue was far before the dispositive motion deadline in this case.

As Defendants correctly note, their misconduct is governed by Federal Rule of Civil Procedure 37(c).  In pertinent part, that Rule states:  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing or at a trial, unless the failure was substantially justified or is harmless."  In <u>ClearOne Commc'ns, Inc. v. Biamp Sys.</u>, ___ F.3d ___, 2011 WL 3437796 at *10 (Aug. 8, 2011), the Tenth Circuit set forth the four factors for determining what course to take when a party fails to disclose information or witnesses as required by Rule 26.  Those four factors are, " (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."  <u>Id.</u>  In reviewing these factors, the Court finds they weigh heavily in favor of precluding Defendants' use of Ms. Donnelly as a witness and/or the warranty deed and aerial map.

In considering the first factor, it is clear, as set forth herein, that Plaintiff has been prejudiced or surprised. Defendants' current position is a complete reversal of its prior position on the issue of ownership and control. As for the second factor, the ability of the party to cure the prejudice, clearly Plaintiff could not cure the prejudice and still maintain the currently set trial deadlines. To the extent Plaintiff would desire to bring in the third party who Defendants claim actually owns the property, that party would certainly be entitled to a substantial time period to prepare itself for trial and conduct necessary discovery. Therefore, there is a small ability to cure the prejudice. As for the third factor, since the trial has not yet begun, the missing or late disclosed testimony and witness would not disrupt the trial but would, as noted above, significantly impact the start of trial. Finally, as for the parties' bad faith or willfulness, for the reasons set forth herein discussing the Court's dissatisfaction with Defendants' actions in this matter and the obvious opportunities they had to prevent these issues from arising, the Court finds this factor weighs heavily in Plaintiff's favor. Therefore, the evidence and witness discussed herein may not be used in support of a summary judgment motion or at trial.

For the reasons set forth herein, Plaintiff's Combined Motion (Dkt. No. 61) is GRANTED and Defendants' Motion for Summary Judgment (Dkt. No. 56) is STRICKEN. The Court finds Plaintiff is entitled to attorneys' fees and costs associated with filing the present Motion to Strike and her Response to Defendants' Motion for Summary Judgment. See Fed. R. Civ. P. 37(c)(1)(A). Plaintiff shall submit her proposal to Defendants in an attempt to reach agreement on the fees and costs. In the event the parties are unable to agree,

Plaintiff shall file its request with the Court and Defendants shall respond within ten days of Plaintiff's filing. Plaintiff shall file her request with the Court within 30 days of the date of this Order.

IT IS SO ORDERED this 22nd day of September, 2011.

ROBIN J. CAUTHRON
United States District Judge